Cecil GAMMILL, Jr. and Jaime Martinez, Appellants

v.

David A. FETTNER, Trustee of the Gammill Family Trust, John Gammill, Kathleen Bungard, Laura Gammill, Janice Phillips, and Daniel Gammill, Appellees.

No. 14–07–00705–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 16, 2009.

Rehearing Overruled July 23, 2009.

Byron Kevin Henry, R Michael Northrup, Dallas, TX, Matthew P. Nickson, Houston, TX, for appellants.

James Eugene Thompson, Jason Bradley Ostrom, Nicole K. Sain, Houston, TX, for appellees.

Panel consists of Justices FROST, BROWN, and BOYCE.

## OPINION

KEM THOMPSON FROST, Justice.

This suit involves a dispute as to whether the trustee of a testamentary trust holds title to certain real property. The trial court granted summary judgment regarding claims asserted by the trustee against various family members. Two family members appeal asserting that the trial court lacked subject-matter jurisdiction and that the trial court erred in granting summary judgment, denying the family members' motion for new trial, and granting the severance that made the summary judgment final. We conclude that the district court had subject-matter jurisdiction and that the family members have not shown that the trial court erred in making these rulings. Accordingly, we affirm the trial court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Cecil Gammill, Sr. ("Cecil Sr.") died in 1995. In his will, he established the Gammill Family Trust (hereinafter "Family Trust").[1] Under Article III of the will, entitled "Trust Distributions and Duration," Cecil Sr. provided that, as soon as practicable after the death of his wife,

Jackie Marie Gammill ("Jackie"), the Trustee shall distribute the assets, one of which was his interest in a piece of property described in the will as Lots One Hundred Six and One Hundred Seven of Garden Acres Subdivision (hereinafter "Property").[2] In his will, Cecil Sr. also gave his wife a power of appointment, stating, "upon the death of my wife ... the Trustee shall distribute the remaining principal and income of the Family Trust in such manner, outright, in trust, or otherwise, to or for the benefit of any one or more of my issue as my wife may appoint only by specific reference thereto in her Will admitted to probate, provided that such power to appoint may not be exercised in favor of my wife, her estate, her creditors or the creditors of her estate." Cecil Sr. further provided in his will that if Jackie failed to exercise the power of appointment with respect to the principal or income of the trust, then such portion not effectively appointed would be distributed as otherwise provided in Cecil Sr.'s will.

Jackie died in 2002. In her last will and testament, Jackie attempted to give the Property by specific devise to the Foundation for DePelchin Children's Center (hereinafter the "Center"). In August 2002, Jackie's will was admitted to probate in Cause No. 332,455, in Harris County Probate Court No. 2. In October 2004, Kathleen Rose Gammill Bungard filed an original petition in the 190th Judicial District Court in Harris County. In the petition, Kathleen asserted claims against Philip Donisi, the independent executor of the Estate of Jackie Marie Gammill, and

---

1. Cecil Sr.'s will reads as follows: "I give all of the rest, residue and remainder of my interest in any property which I may own at the time of my death ... to the Trustee named herein, in trust. The assets comprising such gift shall be held in a separate and distinct trust called the 'GAMMILL FAMILY TRUST' under the provisions of this Will."

2. Other documents in the record refer to the Property by its street address—5214 North Freeway, Houston, Texas.

Kathleen's two sisters, Janice Marie Gammill Philips and Laura May Gammill, individually and as joint trustees of the Family Trust. Kathleen also joined as parties two other siblings, John Edward Gammill and Daniel Andrew Gammill. Kathleen sought to compel the distribution of assets of the estates of Cecil Sr. and Jackie, including the Property, and also alleged Kathleen's two sisters had taken possession over certain assets belonging to the Family Trust. Donisi filed a plea in abatement with the 190th District Court, stating that Kathleen had filed a claim with Harris County Probate Court Number 2 asserting the same basic allegations against him in Cause No. 332,455–401. Kathleen later nonsuited her claims against Donisi, and she entered into an interlocutory agreed order to dismiss all claims for damages against her sisters and the Family Trust.[3]

In July 2005, the 190th District Court appointed David A. Fettner as successor trustee of the Family Trust. In June 2006, Fettner filed an original petition in the 333rd Judicial District Court in Harris County, joining for the first time Cecil Gammill, Jr. ("Cecil Jr.") and Cecil Jr.'s daughter, Jaime Martinez, in the district court proceedings. In his petition, Fettner sought a declaratory judgment. Fettner stated that Cecil Sr. owned the Property at the time of his death by virtue of a special warranty gift deed from Jackie to

Cecil Sr.[4] As independent executor of Cecil Sr.'s will, Jackie, according to the pleading, executed a special warranty distribution deed transferring the Property to the Family Trust, making the Property an asset of the Family Trust. The special warranty distribution deed shows that Jackie was the trustee of the Family Trust at the time. In the petition, Fettner asserted that Jackie's attempted devise of the Property to the Center was not valid because her power of appointment was limited by the language in Cecil Sr.'s will. So that Fettner could distribute the assets of the Family Trust, he requested a determination as to whether the residuary language of Jackie's will constituted a proper exercise of the powers of appointment afforded Jackie by Cecil Sr.'s will. In the same petition, Fettner also brought a trespass-to-try-title action, stating that as trustee he was the owner in fee simple of the Property and that Cecil Jr. unlawfully had entered upon and dispossessed the Family Trust of the Property.

Fettner filed a motion to consolidate his 2006 suit with the 2004 case in the 190th District Court. The 190th District Court, on November 7, 2006, granted Fettner's motion to consolidate the case pending in the 333rd with what was pending in the 190th, merging the cases into Cause No. 2004–55686 and realigning the parties.[5] In

3. In September 2005, Kathleen nonsuited all of her claims against Donisi and her proof of claim in Cause Number 332,455–401 in the probate court.

4. According to the pleading and accompanying exhibits, in 1991, Cecil Sr. executed a special warranty deed granting, giving and conveying all of his interest in the Property to Jackie as her sole and separate property and estate. In 1995, Jackie granted her interest in the Property back to Cecil Sr. by a special warranty gift deed.

5. The parties were realigned as David A. Fettner, as Trustee of The Gammill Family Trust

versus Daniel Andrew Gammill, Kathleen Rose Bungard Arnett, Janice Marie Gammill, John Edward Gammill, Laura May Gammill, Cecil E. Gammill, Jr. and Jaime Martinez. One week later, the presiding judge of the probate court granted leave to Jaime Martinez, Cecil Jr.'s daughter, to consolidate into the probate-court case the breach-of-contract and tort claims that Jaime previously had asserted against various parties in the trial court below. These claims recently had been severed into Cause Number 2004–55686–A by the trial court below.

his second amended petition in the trial court below, Fettner asserted the following:

- The Family Trust has held title to the Property since March 26, 1996.
- Before Fettner can distribute the assets of the Family Trust, it must be determined whether the residuary language of Jackie's will constituted a proper exercise of the powers of appointment afforded Jackie by Cecil Sr.'s will or whether her attempt to exercise the power of appointment was invalid.
- Cecil Jr. unlawfully has entered upon the Property and dispossessed the Family Trust of the Property. Fettner, as trustee, is entitled to possession of the Property; however, Cecil Jr. still withholds possession.
- Fettner believes that Cecil Jr.'s claims to some ownership right in the Property are secondary and inferior to the title in the Property held by Fettner as trustee.
- Fettner sought declaratory-judgment relief and a judgment that he held title to the Property and was entitled to possession of the Property.

On February 8, 2006, Fettner moved for summary judgment, asserting that he was entitled as a matter of law to a judgment declaring the following:

- The Family Trust is the owner in fee simple of the Property.
- Fettner, as trustee of the Family Trust, is entitled to possession of the Property.
- Fettner's title in the Property is primary and superior to any claims to ownership and possession of the Property by any party in this case.
- Jackie's attempt in her will to exercise the power of appointment afforded her by Cecil Sr.'s will in favor of the Center was invalid.

Fettner also asked the district court to issue a judgment declaring one or the other of the following:

- Although Jackie's attempt in her will to exercise the power of appointment afforded her by Cecil Sr.'s will in favor of the Center was invalid, the instructions in the residuary clause of Jackie's will constitute a valid power of appointment to Daniel Andrew Gammill, Kathleen Rose Bungard, Janice Marie Gammill, John Edward Gammill and Laura May Gammill, equally.
- Because Jackie's attempt in her will to exercise the power of appointment afforded her by Cecil Sr.'s will in favor of the Center was invalid, the Property should be conveyed and distributed to Daniel Gammill under the language contained in Article III.B.(1)(a) of Cecil Sr.'s will.

In support of his motion, Fettner provided various deeds showing the chain of title to the Property, as well as the wills of Cecil Sr. and Jackie. On February 6, 2007, Fettner served his motion for summary judgment and a notice of hearing setting the motion for March 2, 2007. Counsel for Cecil Jr. and Jaime was served by certified mail, return receipt requested at his mailing address, which was a post office box. A notice was left in this box on February 10, 2007. The notice informed the box holder that there was a certified-mail item waiting to be picked up. Counsel for Cecil Jr. and Jaime did not pick up this mail until February 22, 2007. On that same day, Cecil Jr. and Jaime moved for a continuance of the summary-judgment hearing, based primarily on the timing of their counsel's retrieval of the motion and notice. At the March 2, 2007, hearing, the trial court denied the motion for continuance; however, the trial court

granted leave for Cecil Jr. and Jaime to file a late response by March 9, 2007. The trial court stated that it would take the motion under submission and rule on the motion after considering their response and any replies thereto. On March 9, 2007, Cecil Jr. and Jaime filed a supplemental response, in which they stated the following:

- The probate court has exclusive jurisdiction to determine the validity of Jackie's attempt in her will to exercise the power of appointment afforded her by Cecil Sr.'s will in favor of the Center.
- The trial court has jurisdiction to determine whether the Property is part of the Family Trust.
- Counsel for Cecil Jr. and Jaime has evidence that he says supports the imposition of a purchase-money resulting trust on the Property in favor of Cecil Jr.[6]
- The probate court is the proper forum for the resolution of Cecil Jr.'s trespass-to-try-title action and action to remove cloud on title.[7]
- In the alternative, Jackie's attempt in her will to exercise the power of appointment afforded her by Cecil Sr.'s will failed, and therefore the disposition of the Property is governed by Cecil Sr.'s will.

Though the responses filed by Cecil Jr. and Jaime contained argument, they did not proffer any summary-judgment evidence.

The trial court signed a partial summary judgment on April 2, 2007, granting some of the relief sought in Fettner's motion. The trial court ordered as follows:

- The Family Trust is the owner in fee simple of the Property.
- Fettner, as trustee of the Family Trust, is entitled to possession of the Property to the exclusion of all others.
- The Family Trust is quieted in its title to the Property, and the clouds cast on the title by the claims of the defendants are removed.
- The Family Trust's title in the Property is primary and superior to any claims to ownership and possession of the Property by any party in this case.

In May 2007, the 190th District Court ordered the declarations in this partial summary judgment severed and assigned docket number 2004–55686–C, thereby making this partial summary judgment final and appealable.[8] Cecil Jr. filed a motion to set aside the order granting the partial summary judgment and, alterna-

6. Cecil Jr. and Jaime did not file a counterclaim or other formal pleading in the trial court asserting that a purchase-money resulting trust should be imposed on the Property.

7. Cecil Jr. had no such claims pending in the trial court; however, he filed such an action in the probate court on March 9, 2007, as Cause No. 332,455–402. The probate court later granted a plea to the jurisdiction and dismissed this action for lack of jurisdiction. Cecil. Jr. has appealed this order, and the appeal is pending in this court as Cause No. 14–07–01013–CV.

8. The 190th District Court eventually ruled on the remaining question concerning whether Jackie exercised the power of appointment, ordering that she, in fact, did exercise the power of appointment afforded to her by Cecil Sr.'s will and that the Property be distributed to Daniel Andrew Gammill, Kathleen Rose Bungard, Janice Marie Gammill, John Edward Gammill and Laura May Gammill, equally. The order further directed Fettner to sell the lots and distribute the proceeds equally between those five siblings. In an unopposed order declaring non-ownership of property, the 190th District Court found the purported devise of the Property by Jackie was legally ineffective and that, as a result, the Center did not own the property. None of these rulings are before this court in this appeal.

tively, a motion for new trial. Cecil Jr. based this motion on alleged "new evidence" and the failure of his former lawyer to file a response including this "new evidence." Cecil Jr. asserted the "new evidence" supported his claim that he paid for the purchase of the Property and that his parents (Cecil Sr. and Jackie) merely were holding title in their names to protect his assets from potential creditors. The trial court overruled this motion by operation of law.

In three appellate issues, Cecil Jr. and Jaime assert (1) the trial court lacked subject-matter jurisdiction because the probate court had exclusive or dominant jurisdiction; (2) the trial court erred in granting summary judgment and in overruling the motion for new trial; and (3) the trial court abused its discretion by granting the severance.

## II. STANDARD OF REVIEW

In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex.2000). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex.2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could

differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex.2007).

## III. ISSUES AND ANALYSIS

### A. Is the summary judgment void for lack of subject-matter jurisdiction?

■ When Fettner filed his suit, Texas Property Code section 115.001 stated that a district court had original and exclusive jurisdiction over all proceedings concerning trusts, including proceedings to "make determinations of fact affecting the administration, distribution, or duration of a trust" and "determine a question arising in the administration or distribution of a trust." TEX. PROP.CODE ANN. § 115.001(a)(6)-(7) (Vernon Supp. 2008).[9] The jurisdiction of a district court over proceedings concerning trusts is exclusive except for the jurisdiction conferred by law on a statutory probate court. *Id.* § 115.001(a), (d). Probate Court Number 2 of Harris County is a statutory probate court. TEX. GOV'T CODE ANN. § 25.1031(c)(2) (Vernon 2004).

In his will, Cecil Sr. created the Family Trust, of which Fettner is the successor trustee. The parties do not dispute that the Family Trust is a testamentary trust. Fettner initially brought suit in the 333rd District Court. In his petition, Fettner sought a declaratory judgment. He stated that the Property was owned by Cecil Sr. at the time of his death by virtue of a special warranty gift deed from Jackie to Cecil Sr. As independent executor of Cecil Sr.'s will, Jackie, according to the pleading, executed a special warranty distribution

---

9. In 2007, the Texas Legislature added that district courts also have original and exclusive jurisdiction over all proceedings by or against a trustee except for jurisdiction conferred by law on a statutory probate court.

*See* Act of May 17, 2007, 80th Leg., R.S., ch. 451, § 11, 2007 Tex. Gen. Laws 801, 804–5. Because this addition does not affect the outcome of this case, we cite to the current version of the statute.

deed transferring the Property to the Family Trust, making the Property an asset of the Family Trust. The special warranty distribution deed shows that Jackie was the trustee of the Family Trust at the time. In his petition, Fettner asserted that Jackie's attempted devise of the property to the Center was not valid because it was beyond the scope of the power of appointment granted to Jackie by the testamentary trust. In the same petition, Fettner also asserted that, as trustee, he was the owner in fee simple of the Property and that Cecil Jr. had entered unlawfully and dispossessed the Trust of the Property. After his claims were consolidated into the case in the trial court below, Fettner filed a second amended petition, asserting the same claims as in the petition to the 333rd District Court. These questions involve determinations affecting the administration and distribution of a trust as well as questions arising in the administration or distribution of a trust. *See* TEX. PROP.CODE ANN. § 115.001(a)(6)-(7); *Estate of Dillard*, 98 S.W.3d 386, 391 (Tex.App.-Amarillo 2003, pet. denied) (citing Texas Property Code section 115.001(a) and stating that the extent of a trust's interests (and those of its beneficiaries) in property are issues affecting the administration of a trust).

Section 5 of the Texas Probate Code sets forth jurisdiction with respect to probate proceedings. *See* TEX. PROB.CODE ANN. § 5 (Vernon Supp. 2009). When Fettner filed his claims in 2006, the probate court had concurrent jurisdiction with the district court in all actions involving testamentary trusts and in all actions by or against a trustee under Texas Probate Code section 5(e). Section 5(e) states:

> A statutory probate court has concurrent jurisdiction with the district court in all personal injury, survival, or wrongful death actions by or against a person in the person's capacity as a personal representative, in all actions by or against a trustee, in all actions involving an inter vivos trust, testamentary trust, or charitable trust, and in all actions involving a personal representative of an estate in which each other party aligned with the personal representative is not an interested person in that estate.

TEX. PROB.CODE ANN. § 5(e).[10] Therefore, when Fettner filed suit in the district court, the probate and district courts had concurrent jurisdiction over testamentary trusts and actions by a trustee. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 n. 9 (Tex.1993) (stating that subject-matter jurisdiction is determined as of the time that suit was filed in the trial court); *Dallas County v. Autry*, 251 S.W.3d 155, 159 (Tex.App.-Dallas 2008, pet. denied) (determining trial court's subject-matter jurisdiction as of time suit was filed and based on law and statutes in force at that time).

Section 5A(b) of the Texas Probate Code deals with matters appertaining to and incident to an estate. The statute states, in pertinent part, that except for situations in which the jurisdiction of a statutory probate court is concurrent with that of a district court as provided by section 5(e), any cause of action appertaining to an estate or incident to an estate shall be brought in a statutory probate court. *See*

---

**10.** We note that Texas Probate Code section 5(e) was amended in 2003 and testamentary trusts were removed from the list of those actions for which the probate and district courts share concurrent jurisdiction. *See* Act of May 27, 2003, 78th Leg., R.S., ch. 1060, § 2, 2003 Tex. Gen. Laws 3052, 3053. In 2005, testamentary trusts and actions by and against a trustee were added to section 5(e)'s grant of concurrent jurisdiction. *See* Act of May 23, 2005, 79th Leg., R.S., ch. 551, § 1, 2005 Tex. Gen. Laws 1476, 1477. Fettner filed his claims in the 333rd District Court in June 2006.

TEX. PROB.CODE ANN. § 5A(b) (Vernon Supp. 2009). Because the claims in Fettner's petition involve a testamentary trust and because this action was brought by a trustee, the jurisdiction of the probate court is concurrent with that of the district court as provided by section 5(e). *See id.* § 5. Under section 5A(b), because Fettner's claims fall within section 5(e), jurisdiction is not mandatory and exclusive in the probate court, even if these claims are appertaining to an estate or incident to an estate. *See id.* § 5A(b).

Cecil Jr. and Jaime contend that Kathleen's 2004 suit filed in the 190th District Court triggered that court's jurisdiction over this case because her suit and Fettner's suit both challenged Jackie's ownership or right to devise the Property. However, in her petition, Kathleen did not request the trial court to make a determination as to whether the exercise of Jackie's power of appointment was invalid. Rather, in her petition, Kathleen states that "[o]n information and belief Plaintiff alleges that the [Property] belongs to the Gammill Family Trust" and that "[b]y her will, Jackie Marie Gammill exercised the power of appointment granted to her by the terms of the will of Cecil Elmer Gammill, Sr., conveying the assets of the Gammill Family Trust to Daniel, Kathleen, Janice, and John equally." The thrust of Kathleen's action was to compel the distribution of Cecil Sr.'s and Jackie's assets, including the Property, and to hold her sisters accountable for their alleged mismanagement of the Family Trust. Kathleen asserted different claims in 2004 than Fettner did in 2006. Kathleen's claims were not severed into this case in the trial court below, and they are not before this court on appeal. We determine whether the trial court below had subject-matter jurisdiction over Fettner's claims by looking at the claims and applicable law at the time Fettner filed these claims. *See Tex.*

*Ass'n of Bus.*, 852 S.W.2d at 446 n. 9; *Autry,* 251 S.W.3d at 159. The consolidation of these claims into the 2004 case did not change the fact that Fettner filed these claims in 2006.

Cecil Jr. and Jaime also argue that *Bailey v. Cherokee County Appraisal District* controls this case. *See* 862 S.W.2d 581, 582 (Tex.1993). In *Bailey,* the Supreme Court of Texas held that a suit to collect ad valorem taxes accruing on estate property during an estate administration is a claim against the estate which should have been filed in the court exercising probate jurisdiction where the administration was pending. *See id.* at 582. This case is distinguishable from *Bailey.* First, *Bailey* did not involve a testamentary trust over which the district court and probate court have concurrent jurisdiction. Second, *Bailey* involved the jurisdiction of a county court at law exercising probate jurisdiction in which an estate was pending and the district court where the taxing authority filed its claim. *See id.* at 582–83, 585. That situation triggers Texas Probate Code section 5A(a) rather than section 5A(b). Section 5A(a) does not contain the sentence in section 5A(b) stating that "[e]xcept for situations in which the jurisdiction of a statutory probate court is concurrent with that of a district court as provided by [s]ection 5(e) of this Code or any other court, any cause of action appertaining to estates or incident to an estate shall be brought in a statutory probate court." TEX. PROB.CODE ANN. § 5A(b); *Howe State Bank v. Crookham,* 873 S.W.2d 745, 748 (Tex.App.-Dallas 1994, no writ) (recognizing differences between sections 5A(a) and 5A(b)); *Green v. Watson,* 860 S.W.2d 238, 243–44 (Tex.App.-Austin 1993, no writ) (observing legislative intent to make sections 5A(a) and 5A(b) different by making express reference to constructive trusts in one and not in the other). Under the unambiguous language of sec-

tion 5A(b), claims referenced in section 5(e) can be brought in either the statutory probate court or the district court, and the two courts have concurrent jurisdiction. In this case, Fettner chose to file in the district court. Because the statutes at issue in this case are materially different from the statutes involved in *Bailey*, that case is not on point.

Under the statutes relevant to this case, the trial court below had concurrent jurisdiction with the probate court over Fettner's claims, and Fettner was not required to assert his claims in the probate court, even if they are claims appertaining to an estate or incident to an estate. *See* TEX. PROB.CODE ANN. § 5A(b). Therefore, the trial court's judgment is not void for lack of subject-matter jurisdiction. Accordingly, we overrule the first issue.

**B. Did the trial court grant summary judgment without notice to Cecil Jr. and Jaime?**

■■■ Under their second issue, Cecil Jr. and Jaime assert that the trial court rendered summary judgment without notice to them because, they claim, the trial court granted summary judgment as to Fettner's declaratory-judgment action and his trespass-to-try-title action, even though Fettner only sought summary judgment as to his declaratory-judgment action. However, even if the trial court granted summary judgment as to a claim upon which Fettner did not seek summary judgment, this would not mean that the trial court granted summary judgment without notice to Cecil Jr. and Jaime.[11] Fettner did state

in his motion that he was seeking summary judgment as to his claim for declaratory judgment, and he emphasized this claim in his motion. Nonetheless, in one paragraph of his motion, Fettner addressed Texas Rule of Civil Procedure 791, which applies to trespass-to-try-title actions. *See* TEX.R. CIV. P. 791. Furthermore, a judgment in favor of the plaintiff in a trespass-to-try-title action must award the plaintiff title or possession, or both, of the property at issue. *See* TEX.R. CIV. P. 804. In his motion, Fettner asserted that his title was superior to any other party's claims of ownership and possession of the Property, and he asked the court to render summary judgment awarding him both title and possession of the Property. Therefore, Fettner did move for summary judgment as to both his declaratory-judgment action and his trespass-to-try-title action. Though Cecil Jr. and Jaime complain on appeal that Fettner's motion was unclear and ambiguous, they waived this argument by failing to raise it in the trial court by special exceptions to the motion for summary judgment. *See Brocail v. Detroit Tigers, Inc.*, 268 S.W.3d 90, 100–01 (Tex. App.-Houston [14th Dist.] 2008, pet. denied).

**C. Did Cecil Jr. and Jaime preserve error as to their claim that the trial court abused its discretion by failing to grant a new trial after Cecil Jr. showed himself entitled to a new trial based on lack of notice?**

■■ Under their second issue, Cecil Jr. and Jaime also argue that the trial court

11. In a motion to continue the summary-judgment hearing, Cecil Jr. and Jaime complained of insufficient notice due to their attorney's failure to pick up his certified mail until eight days before the hearing. However, the trial court denied this motion, and this ruling has not been challenged on appeal. In any event, the trial court gave Cecil Jr. and Jaime seven more days to file their summary-judgment response. The record reflects that the trial court granted summary judgment with notice to Cecil Jr. and Jaime. Furthermore, this complaint of insufficient notice is not the same as a complaint that the trial court granted summary judgment as to a claim upon which Fettner did not seek summary judgment.

erred in denying Cecil Jr.'s motion for new trial because they showed they were entitled to a new trial based on lack of notice under *Craddock v. Sunshine Bus Lines, Inc.* *See* 134 Tex. 388, 133 S.W.2d 124 (1939). However, Cecil Jr. based his motion for new trial on what he alleged was "new evidence" supporting the imposition of a resulting trust in his favor.[12] In this motion, Cecil Jr. did not allege lack of notice or argue that he was entitled to a new trial under *Craddock*. Cecil Jr. and Jaime did not voice their complaint regarding lack of notice and their alleged entitlement to a new trial under *Craddock* in the trial court. Therefore, they did not preserve error as to this complaint.[13] *See* Tex.R.App. P. 33.1(a); *Babajide v. Citibank (S.D.), N.A.*, No. 14–04–00064–CV, 2004 WL 2933575, at *1 (Tex.App.-Houston [14th Dist.] Dec. 21, 2004, no pet.) (mem. op.) (holding appellant waived her complaint that trial court gave her no notice of summary-judgment hearing by not raising the objection in the trial court).

**D. Does the summary-judgment evidence conclusively prove the matters stated in the trial court's judgment?**

■ Under their second issue, Cecil Jr. and Jaime also argue that the summary-judgment evidence does not conclusively prove the matters stated in the trial court's judgment. After reviewing the summary judgment under the applicable standard of review, we conclude that the uncontroverted summary-judgment evidence proves as a matter of law the matters stated in the trial court's judgment. Cecil Jr. and Jaime complain that the summary-judgment evidence does not disprove any legal or factual theory under which Cecil Jr. or Jaime were claiming any right or interest in the Property. However, when Fettner filed his motion, Cecil Jr. and Jaime had not filed any claim in this case in which they asserted any right or interest in the Property. Though they alluded to their resulting-trust theory in their summary-judgment response, they proffered no evidence to support this theory prior to the trial court's granting summary judgment. Though Cecil Jr. and Jaime attached evidence in their post-judgment motions, we cannot consider that evidence in determining whether the trial court erred in granting summary judgment. *See Hicks v. Captain Elliott's Party Boats, Inc.*, 2006 WL 2669362, at *4 (Tex.App.-Houston [14th Dist.] Sept. 19, 2006, no pet.) (mem. op.). We conclude that the uncontroverted summary-judgment evidence supports the trial court's judgment.[14] Accordingly, we overrule the

**12.** Jaime did not join in this motion.

**13.** In their motion to continue the summary-judgment hearing, Cecil Jr. and Jaime complained of insufficient notice due to their attorney's failure to claim his certified mail until eight days before the hearing. *See supra*, n. 11. However, the trial court denied this motion, and this ruling has not been challenged on appeal. In any event, this complaint is not the same as a complaint that there was no notice or that Cecil Jr. is entitled to a new trial under *Craddock*.

**14.** Cecil Jr. and Jaime assert that because some beneficiary or beneficiaries of the Fami-

ly Trust will be entitled to a distribution of the Property, the trial court erred in concluding that Fettner, as trustee, had the right to possession of the Property to the exclusion of others and that the trust's title is primary and superior to any claims to ownership and possession of the Property by other parties as of the date of the judgment. However, the trial court's declaration that the Family Trust currently had superior title and right to possession was not inconsistent with the trustee's duty in the future to distribute the Property to the beneficiaries according to the terms of the trust and the power of appointment granted to Jackie.

second issue. We affirm the trial court's summary judgment.[15]

### E. Did Cecil Jr. and Jaime preserve error as to their claim that the trial court abused its discretion by granting a severance that allegedly split a single claim into two cases that allegedly had overlapping and interrelated facts?

■ In their third issue, Cecil Jr. and Jaime argue that the trial court erred in granting the severance that made the partial summary judgment final and appealable. Cecil Jr. and Jaime assert that the trial court abused its discretion because it severed part of a claim, that the severed part would not be the proper subject of a lawsuit if independently asserted, and that the severed part is so interwoven with the remaining action as to involve the same facts and issues. However, Cecil Jr. and Jaime did not voice this objection to severance in the trial court. Therefore, they did not preserve error as to this complaint.[16] *See* TEX.R.APP. P. 33.1(a); *Oistad v. Baker & Hostetler, L.L.P.,* No. 01–05–00493–CV, 2006 WL 488594, at *7 (Tex. App.-Houston [1st Dist.] Mar. 2, 2006, no pet.) (mem. op.) (holding appellants waived their complaint that trial court erred in granting severance by not raising that objection in the trial court). Accordingly, we overrule the third issue.

### IV. CONCLUSION

The trial court had concurrent jurisdiction with the probate court over Fettner's claims, and Fettner did not have to bring these claims in the probate court. Therefore, the trial court's judgment is not void for lack of subject-matter jurisdiction. Cecil Jr. and Jaime did not preserve error as to several of their appellate complaints. The uncontroverted summary-judgment evidence supports the trial court's summary judgment. Accordingly, we affirm the trial court's summary judgment, its overruling of Cecil Jr.'s motion for new trial, and its severance order.

---

**15.** Cecil Jr. and Jaime also argue that Jackie did not exercise the power of appointment in her will, and therefore, the Property must be distributed as otherwise provided in Cecil Sr.'s will. However, the trial court did not address in this judgment whether the instructions in the residuary clause of Jackie's will constituted a valid exercise of the power of appointment. Therefore, this issue is not before this court.

**16.** Cecil Jr. and Jaime did object to the severance in the trial court. However, the only basis asserted was that the trial court had not yet heard or ruled on their motion to set aside the trial court's partial summary judgment. This is not the complaint that they assert on appeal.