**Opinion issued August 28, 2014**



In The

# Court of Appeals

### For The

## First District of Texas

———————————

### NO. 01-13-00923-CV

———————————

### VIRGINIA DAILEY AND JOHN W. DAILEY, Appellants

### V.

### FRANK DAILEY AND TERRY DAILEY, Appellees

---

### On Appeal from County Civil Court at Law No. 2
### Harris County, Texas
### Trial Court Case No. 1024856

---

## MEMORANDUM OPINION

Virginia Dailey and John W. Dailey appeal the trial court's dismissal of their

claims against Frank Dailey and Terry Dailey[1] pursuant to Texas Rule of Civil

---

[1] In order to avoid confusion, Virginia Dailey, John W. Dailey, Frank Dailey, and Terry Dailey will be referred to in this opinion by their given names.

Procedure 91a.1. The claims arise from a conveyance of real property by Virginia and John to Frank and Terry. Finding no error in the trial court's judgment, we affirm.

## Background

On January 8, 2011, Virginia and John sold real property located at 910 Sunnyside Street in Houston, Texas, to their son, Frank, and Frank's wife, Terry, for $80,000—$10,000 in cash at closing, with the remaining $70,000 to be seller-financed.[2] Virginia and John subsequently filed suit against Frank and Terry seeking to set aside the conveyance and asserting causes of action against them for fraud, breach of fiduciary duty, and conspiracy to commit fraud. Frank and Terry answered and asserted counterclaims against Virginia and John for breach of contract and specific performance.

Frank and Terry filed a motion to dismiss Virginia and John's claims against them pursuant to Rule of Civil Procedure 91a.1 and asked the trial court to award them their costs and attorney's fees. *See* TEX. R. CIV. P. 91a.1 (permitting party to move to dismiss cause of action on grounds that it has no basis in law or fact) and 9la.7 (requiring court to award prevailing party all costs and reasonable and

---

[2] Virginia and John and Frank and Terry all signed a HUD-1 Settlement Statement acknowledging the terms of the transaction and disbursement of the settlement proceeds.

necessary attorney's fees). On May 9, 2013, the trial court granted Frank and Terry's motion and dismissed the suit with prejudice.

On May 21st, Frank and Terry filed a motion to reinstate because, in granting their motion, the trial court had inadvertently dismissed their counterclaims against Virginia and John, which were not the subject of any motion to dismiss. On June 4th, the trial court granted the motion to reinstate and vacated its May 9th judgment. Six days later, Virginia and John filed a notice of appeal challenging the trial court's May 9th judgment dismissing their claims pursuant to Rule 91a.

On June 18th, Frank and Terry filed notice of their intent to non-suit their counterclaims against Virginia and John. On June 24th, the trial court granted the motion to non-suit the counterclaims and, in a separate order, dismissed Virginia and John's claims against Frank and Terry for want of prosecution.

## Discussion

Virginia and John's appellate brief assigns error only to the trial court's May 9, 2013 judgment, which granted Frank and Terry's motion to dismiss. As Frank and Terry point out in their response, the May 9th judgment was vacated by the trial court on June 4th and the underlying case was subsequently dismissed for want of prosecution on June 24th.

In their reply brief, as we liberally construe it, Virginia and John argue for the first time that the trial court's dismissal of their claims for want of jurisdiction

3

should be set aside pursuant to *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 392–93, 133 S.W.2d 124, 126 (1939). *See also Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (stating standard for reinstatement of case after dismissal for want of prosecution is essentially same as standard for setting aside default judgment set forth in *Craddock*).[3] An appellant is not allowed to raise new issues in a reply brief—even in reply to matters addressed in the appellee's response—and issues raised for the first time in a reply brief are waived and need not be considered by the appellate court. *See Priddy v. Rawson*, 282 S.W.3d 588, 597 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) ("The Texas Rules of Appellate Procedure do not allow an appellant to include in a reply brief a new issue not raised in the appellant's original brief."); *McAlester Fuel Co. v. Smith Int'l, Inc.*, 257 S.W.3d 732, 737 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("An issue raised for the first time in a reply brief is ordinarily waived and need not be considered by this Court."); *Howell v. Tex. Workers' Comp. Comm'n*, 143 S.W.3d 416, 439 (Tex. App.—Austin 2004, pet. denied) ("The rules of

---

[3] In their short reply on this issue, Virginia and John quote Frank and Terry's recitation of facts regarding the June 4th order vacating the May 9th judgment, and the subsequent dismissal of the case for want of prosecution, and then direct us to the Fourteenth Court of Appeals's discussion of *Craddock* in *Lowe v. Lowe*, 971 S.W.2d 720, 723 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). They conclude by arguing, "Thus the factual requirement for dismissal if 'A cause of action has no basis in fact if no reasonable person could believe the facts pleaded' has not been met." Notably, they do not allege any facts relevant to the *Craddock* elements (e.g., that their failure to appear was the result of mistake or accident, and not intentional or the result of conscious indifference), or even that they satisfy the requirements of *Craddock.*

4

appellate procedure do not allow an appellant to include in a reply brief a new issue in response to some matter pointed out in the appellee's brief but not raised by the appellant's original brief.").

Moreover, even had Virginia and John challenged the June 24th judgment based on *Craddock* in their initial appellate brief, they would still not be entitled to relief because they did not raise this issue below, and thus failed to preserve error as to this complaint. *See* TEX. R. APP. P. 33.1(a); *see also Gammill v. Fettner*, 297 S.W.3d 792, 802 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding defendant's failure to raise *Craddock* argument in motion for new trial failed to preserve argument for appellate review).

We further note that had Virginia and John properly preserved this issue for our review and we were to consider their challenge to the June 24th judgment based on *Craddock*, they would still not prevail on appeal. In *Craddock*, the Texas Supreme Court set forth three requirements that a defendant must satisfy in order to have a default judgment set aside and obtain a new trial: (1) the failure to file an answer or appear at a hearing was not intentional or the result of conscious indifference, but was a mistake or accident; (2) a meritorious defense; and (3) a new trial will not result in delay or prejudice to the plaintiff. *Craddock*, 134 Tex. at 392–93, 133 S.W.2d at 126. A party challenging the dismissal of its suit pursuant to *Craddock* bears the burden of establishing its entitlement to relief. *See*

*Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966) (stating defaulting parties must provide prima facie proof by way of affidavits or other evidence, that, if true, would support their meritorious defense); *Cont'l Cas. Co. v. Davilla*, 139 S.W.3d 374, 382 (Tex. App.—Fort Worth 2004, pet. denied) (stating that defaulting party must support its claim of accident or mistake with evidence, such as affidavits, and that conclusory allegations are insufficient). Here, Virginia and John ask us in their reply brief to apply the *Craddock* standard to the dismissal of their suit for want of prosecution, however, they fail to allege that they meet the elements of *Craddock*, much less provide prima facie evidence supporting such allegations.

Because Virginia and John have not assigned error with respect to the final judgment in this case—the June 24th dismissal for want of prosecution—we affirm the trial court's judgment with respect to Frank and Terry. *See Texas Nat'l Bank v. Karnes*, 717 S.W.2d 901, 903 (Tex. 1986) (holding that "the court of appeals may not reverse a trial court's judgment in the absence of properly assigned error").

## Conclusion

We affirm the trial court's judgment.


Jim Sharp
Justice


Panel consists of Justices Keyes, Sharp, and Huddle.