**Affirmed and Memorandum Opinion filed November 20, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-01120-CV

---

### HIDALGO INTERNATIONAL, INC., Appellant

### V.

### SARA WOLKOWITZ, Appellee

---

**On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2009-45506**

---

## M E M O R A N D U M   O P I N I O N

In this property-tax redemption case, appellant asserts two issues on appeal from the trial court's judgment on the jury's verdict. Because appellant failed to preserve error in the trial court as to either of these issues, we affirm the trial court's judgment.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff Hidalgo International, Inc. purchased real property

burdened by a substantial property-tax lien (hereinafter, the "Property"). The Property was later sold at a tax sale in which the tax lien was foreclosed. Appellee Sara Wolkowitz was the successful bidder at the tax sale and purchased the Property. Hidalgo, as the former owner of the Property, sought to redeem the Property under section 34.21 of the Texas Tax Code, which governs redemption of real property sold at a tax sale. Hidalgo requested that Wolkowitz provide Hidalgo with a written itemization of all amounts spent by Wolkowitz in costs on the Property, as provided under section 34.21(i) of the Texas Tax Code. Wolkowitz responded with an affidavit containing an itemized statement of what she contended was the redemption amount. Hidalgo contends that Wolkowitz included items in the calculation of the statutory redemption amount that are not permitted to be included under section 34.21 of the Texas Tax Code.

Despite the apparent inability of Hidalgo and Wolkowitz to agree on the redemption amount, Hidalgo did not seek to redeem the Property under section 34.21(f) of the Texas Tax Code by paying or tendering payment of the required redemption amount to the assessor-collector for the county in which the Property was sold. *See* Tex. Tax Code Ann. § 34.21(f) (West 2014). Hidalgo did not pay any alleged redemption amount to Wolkowitz within the statutory time period for redemption, nor did Hidalgo apparently make an unconditional tender of the amount that it alleged was required for redemption within the statutory time period.

After the statutory time period for redemption had expired, Hidalgo filed suit against Wolkowitz in the trial court below, apparently alleging that Hidalgo had redeemed the Property and seeking lost-profits damages from a sale of the Property that Hidalgo allegedly lost due to Wolkowitz's conduct.

The case proceeded to a jury trial. At trial, Hidalgo did not assert a motion for instructed or directed verdict. During the charge conference, Hidalgo did not

2

voice any objections to the jury charge or request the submission of any instruction, question, or definition not submitted in the court's jury charge. The jury answered the first question in a manner adverse to Hidalgo's position at trial and followed the trial court's instructions not to answer the remaining questions in the jury charge. Wolkowitz asked the trial court to render a final judgment on the jury's verdict in favor of Wolkowitz, and the trial court rendered such a judgment. Hidalgo did not file a motion for judgment notwithstanding the verdict or a motion to disregard any jury answer. Hidalgo did file a motion for new trial in which its sole argument was that the trial court's judgment is contrary to both law and fact and should be set aside and a new trial granted.

## II.   ANALYSIS

On appeal from the trial court's judgment, Hidalgo asserts that (1) the trial court erred in rendering judgment based upon an immaterial answer to jury question number one because the evidence conclusively proved that Wolkowitz advised Hidalgo that she would reject a tender of the proper redemption amount, thus excusing Hidalgo from tendering this amount; and (2) by improperly demanding that certain items be included in the redemption amount, Wolkowitz relieved Hidalgo from its duty to tender the redemption amount. Hidalgo contends that, as a matter of law, its obligation to tender the redemption amount to Wolkowitz was waived by Wolkowitz's alleged insistence that inappropriate amounts be included in the calculation of the redemption amount, and therefore, the submission of jury question number one was improper.

Hidalgo did not raise any of these complaints in the trial court by means of a motion for instructed or directed verdict, an objection to the jury charge, a motion for judgment notwithstanding the verdict, or a motion to disregard any jury answer. The only post-trial motion that Hidalgo filed was its motion for new trial, but in

3

this motion, Hidalgo did not raise any of its appellate arguments. *See Wagon Wheel Club, Inc. v. Restaurant Equip. & Supply Co.*, 410 S.W.2d 788, 788–89 (Tex. Civ. App.—San Antonio 1967, no writ). Because Hidalgo did not voice any of its appellate complaints in the trial court and obtain an adverse ruling from the trial court, Hidalgo failed to preserve error in the trial court as to each of its appellate arguments.[1] *See* Tex. R. App. P. 33.1(a); *Gammill v. Fettner*, 297 S.W.3d 792, 801–02 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *Halim v. Ramchandani*, 203 S.W.3d 482, 486–87 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Accordingly, we overrule Hidalgo's two appellate issues and affirm the trial court's judgment.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise.

---

[1] Even if Hidalgo had preserved error, we would conclude that its appellate arguments lack merit.

4