**Affirmed and Opinion filed January 7, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00404-CV

---

## MARCUS WILLIAMS AND ALL OCCUPANTS, Appellants

## V.

## BAYVIEW - REALTY ASSOCIATES, AGENT, Appellee

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1010782**

---

## O P I N I O N

In this appeal from a default judgment in a forcible-detainer action, the main issues are whether the justice and county courts below had subject-matter jurisdiction and whether the county court erred in refusing to set aside the default judgment and grant a new trial. Concluding that the lower courts had subject-matter jurisdiction and that the appellants' appellate arguments are incorrect, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee/plaintiff Bayview - Realty Associates, Agent ("Bayview") initiated a forcible-detainer action against appellant/defendant Marcus Williams in a justice court concerning certain real property ("Property"). In its sworn petition, Bayview alleged that Williams[1] had violated the rental agreement between Bayview and Williams and had refused to vacate the Property after notice from Bayview. Bayview sought judgment against Williams for unpaid rent and possession of the Property. Bayview also requested issuance of a writ of possession. Williams did not file a written answer in the justice court.

Following a bench trial at which Williams appeared, the justice court rendered a final judgment in favor of Bayview, awarding it possession of the Property. Williams timely perfected an appeal to a county court at law for a trial de novo. But, Williams did not timely file a written answer in the county court at law. Bayview filed an amended motion for default judgment. Six days later, the county court at law signed a default judgment in favor of Bayview. The next week Williams filed a motion to set aside the default judgment. The following day he filed a plea to the jurisdiction, an amended motion to set aside default judgment, a motion for new trial, and, for the first time, a written answer. The county court at law denied both the jurisdictional challenge and the two motions and signed an amended judgment. Williams now appeals the county court at law's judgment to this court, asserting four issues.

---

[1] In its judgment, the justice court recited that the defendants were "Williams and all occupants." This designation has been carried forward since the signing of the justice court judgment. All references in this opinion to Williams as a party include a reference to "all occupants."

## II. ISSUES AND ANALYSIS

### A. Did the lower courts have subject-matter jurisdiction over the forcible-detainer suit?

In his first issue, Williams asserts the courts below had no subject-matter jurisdiction. Specifically, Williams argues that the justice court and county court at law lacked subject-matter jurisdiction because there is no landlord-tenant relationship between Bayview and Williams. Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Subject-matter jurisdiction can be raised at any time, even for the first time on appeal; the parties cannot waive it. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993).

Jurisdiction to hear a forcible-detainer action is expressly given to justice courts and, on appeal, to county courts for trial de novo. *See* Tex. Prop. Code Ann. § 24.004 (West 2013); *Woodfork v. Bank of America*, No. 14-12-00927-CV, 2013 WL 5637751, *1 (Tex. App.—Houston [14th Dist.] Oct. 15, 2012, no pet.) (mem. op.). But, a justice court is expressly deprived of jurisdiction to determine or adjudicate title to land. *See* Tex. Gov't Code Ann. § 27.031(b) (West 2013); *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The appellate jurisdiction of the county court is confined to the jurisdictional limits of the justice court. *See Salaymeh*, 264 S.W.3d at 435. Accordingly, a county court at law has no jurisdiction to adjudicate title to real property in a de novo trial on appeal of a forcible-detainer action from a justice court. *See id.* The only issue in a forcible-detainer action is the right to actual and immediate possession of the premises. *See id.* To prevail in a forcible-detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *See id.* A justice court is deprived of jurisdiction only if resolution of

3

a title dispute is a prerequisite to determination of the right to immediate possession of the premises. *See id.* In a forcible-detainer action, if there is a landlord-tenant relationship between the plaintiff and the defendant, the justice court and county court at law have jurisdiction and may determine the right to actual possession of the premises, without determining who holds title to the premises. *See Woodfork*, 2013 WL 5637751, at *2; *Salaymeh*, 264 S.W.3d at 435–36; *Villalon v. Bank One*, 176 S.W.3d 66, 70–71 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Williams argues there is no landlord-tenant relationship between Bayview and Williams and that therefore resolution of a title dispute is a prerequisite to determination of the right to immediate possession of the premises.

Williams also argues that a Substitute Trustee Deed is the only possible basis for a landlord-tenant relationship between Bayview and Williams but that this deed does not support a finding of such a relationship. According to Williams, if there is no landlord-tenant relationship or other legal relationship between Bayview and Williams and if Bayview is not bringing suit as agent on behalf of the grantee in the Substitute Trustee Deed, then Bayview lacks standing to bring the action, and the lower courts lacked subject-matter jurisdiction on this basis as well.

In considering the issue of standing courts focus on whether a party has a sufficient relationship with the lawsuit so as to have a "justiciable interest" in its outcome. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). A plaintiff has standing when it is personally aggrieved. *Id.* The standing doctrine requires that there be a real controversy between the parties that actually will be determined by the judicial declaration sought. *Id.* at 849. If there is a landlord-tenant relationship between Bayview and Williams regarding the Property, then Bayview has standing to bring the forcible-detainer action. *See id.*

Williams acted pro se in both the justice court and the county court at law.[2] Williams made an appearance in the justice court but did not file a written answer. After the justice court rendered a final judgment in favor of Bayview, Williams, still acting pro se, timely perfected an appeal to the county court at law for a trial de novo.

The record reflects that on March 7, 2012, a transcript from the justice court was filed in the county court at law and that on the same day the county clerk sent notice to Williams and Bayview that the case had been filed that day. In the notice, the clerk advised that the defendant needed to file a written answer in the county court at law if the defendant had pleaded orally in the justice court. The notice specifically mentioned Texas Rule of Civil Procedure 751, which governs the filing of the justice-court transcript with the county clerk, and also made reference to Texas Rule of Civil Procedure 753, which governs judgment by default in a forcible-detainer proceeding in the county court. The notice quoted the part of the latter rule providing that "[i]f the defendant made no answer in writing in the justice court, and if he fails to file a written answer within eight full days after the transcript is filed in the county court, the allegations of the complaint may be taken as admitted and judgment by default may be entered accordingly." Tex. R. Civ. P. 753.

These rules provide that the petition from the justice court is effectively carried forward to the county court at law on appeal for the trial de novo. *See* Tex. R. Civ. P. 751, 753. If the defendant filed a written answer in the justice court, that answer is deemed to be the defendant's appearance and answer in the county court

---

[2] Pro se litigants must comply with the applicable procedural rules, and we hold them to the same standards that apply to licensed attorneys. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978) (holding that litigants who represent themselves must comply with procedures established by the rules notwithstanding the fact that they are not licensed attorneys).

at law. *See* Tex. R. Civ. P. 753. But, if, as in today's case, the defendant filed no written answer in the justice court, and if the defendant fails to file a written answer within eight full days after the transcript is filed in the county court, the allegations of the plaintiff's petition may be taken as admitted and judgment by default may be entered accordingly. *See id.*

Williams did not file a written answer in the county court at law within eight full days after the transcript was filed in that court. Bayview moved for default judgment and then amended its motion for default judgment. The county court at law signed a default judgment in favor of Bayview twenty-eight days after the transcript had been filed in that court. Less than a week later, Williams filed a written answer for the first time. Under the unambiguous language of Texas Rule of Civil Procedure 753, Williams's failure to file a written answer in the justice court and his failure to file a written answer in the county court at law within eight full days after the transcript was filed in the county court at law allowed the county court at law to take the allegations of Bayview's petition as admitted and to render judgment by default. *See id.* And, the county court at law did.

In its petition, Bayview alleged that Williams had violated a rental agreement between Bayview and Williams, had refused to vacate the Property after notice from Bayview, and had failed to pay rent.[3] Thus, Bayview alleged a landlord-tenant relationship between Bayview and Williams, and Williams's failure to file a written answer as required by Texas Rule of Civil Procedure 753 enabled the county court at law to take this allegation as admitted and to render a no-answer default judgment against Williams. *See id.* Because of this admission, Williams's arguments that the lower courts lacked subject-matter jurisdiction based

---

[3] More than eight days after the justice-court transcript was filed in the county court at law, Bayview amended its petition. But, Williams does not challenge the amendment of this petition on appeal, and, in any event, both petitions contain these allegations.

on the absence of a landlord-tenant relationship are incorrect. *See Austin Nursing Ctr., Inc.*, 171 S.W.3d at 848; *Woodfork*, 2013 WL 5637751, \*2; *Salaymeh*, 264 S.W.3d at 435–36; *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 242 S.W.3d 67, 71–72 (Tex. App.—San Antonio 2007, pet. denied); *Villalon*, 176 S.W.3d at 70–71. Accordingly, we overrule Williams's first issue.

**B.    May Williams challenge the legal and factual sufficiency of the evidence to sustain a finding that a landlord-tenant relationship exists between Bayview and Williams?**

In his third and fourth issues, Williams challenges the legal and factual sufficiency of the evidence to sustain a finding that a landlord-tenant relationship existed between Bayview and Williams. By his failure to timely file a written answer, Williams admitted all factual allegations in Bayview's petition, except those allegations regarding the amount of unliquidated damages.[4] *See Adame v. Palisades Collection*, *L.L.C.*, No. 05-11-00793-CV, 2012 WL 2564717, at \*3 (Tex. App.—Dallas Jul. 3, 2012, no pet.) (mem. op.); *Paradigm Oil, Inc.*, 242 S.W.3d at 71–72. Bayview's allegation of a landlord-tenant relationship between Bayview and Williams is not an allegation regarding the amount of unliquidated damages. In its no-answer default judgment under Texas Rule of Civil Procedure 753, the county court at law took as admitted the allegations in Bayview's petition, including the allegation of a landlord-tenant relationship between Bayview and Williams. As a result, Williams is precluded by his own admission from challenging the legal and factual sufficiency of the evidence supporting a finding that a landlord-tenant relationship existed between the two parties. *See Adame*, 2012 WL 2564717, at \*3; *Paradigm Oil, Inc.*, 242 S.W.3d at 71–72. Accordingly, we overrule Williams's third and fourth issues.

---

[4] On appeal, Williams has not assigned error or challenged the trial court's money judgment based upon unpaid rent or the trial court's award of attorney's fees.

**C.** **Did the county court at law err in denying Williams's amended motion to set aside the default judgment and his motion for new trial based upon an alleged failure to receive any notice of the hearing on Bayview's amended motion for default judgment?**

In his second issue, Williams asserts that the county court at law erred in denying his amended motion to set aside the default judgment and his motion for new trial based upon an alleged failure to receive any notice of the hearing on Bayview's amended motion for default judgment. For purposes of our analysis, we presume that Williams was entitled to notice of the hearing on Bayview's amended motion for default judgment and that Williams sufficiently preserved error on a request that the default judgment be set aside and a new trial granted under the three factors set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). Nonetheless, to obtain a reversal of the county court at law's judgment based upon an alleged failure to receive any notice of the hearing on Bayview's amended motion for default judgment, Williams must have voiced this complaint in the county court at law and obtained an adverse ruling. *See Gammill v. Fettner*, 297 S.W.3d 792, 801–02 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *Babajide v. Citibank (South Dakota), N.A.,* No. 14-04-00064-CV, 2004 WL 2933575, at *1 (Tex. App.—Houston [14th Dist.] Dec. 21, 2004, no pet.) (mem. op.). He did neither.

Williams, on April 9, 2012, filed a motion to set aside the default judgment, supported by an unsworn declaration. The next day, he filed a single document that included a plea to the jurisdiction, an amended motion to set aside the default judgment, a motion for new trial, and an original answer. In the second document, Williams denominated the part in which he argued that the default judgment should be set aside as an "amended motion to set aside default judgment" and as a "motion for new trial." That label is consistent with the substance of that portion

8

of the document. On appeal, Williams again describes this part of the second document as an amendment of the motion he filed the day before. Notably, an amended motion supersedes and supplants the prior motion; thus, the prior motion may no longer be considered. *See Frias v. Atlantic Richfield Co*., 999 S.W.2d 97, 102 (Tex. App.—Houston [14th Dist.] 1999, pet. denied); *Centennial Ins. Co. v. Commercial Union Ins. Cos.*, 803 S.W.2d 479, 483–84 (Tex. App.—Houston [14th Dist.] 1991, no writ). Consequently, Williams's first motion did not preserve any error.[5] *See Frias*, 999 S.W.2d at 102; *Centennial Ins. Co.*, 803 S.W.2d at 483–84.

In the second document, Williams did not assert that he did not receive any notice of the hearing regarding Bayview's amended motion for default judgment. After asserting various jurisdictional arguments in his plea to the jurisdiction, Williams asserts that (1) he did not receive notice from the county clerk that the justice court transcript had been filed until more than eight days after March 7, 2012; (2) Williams did not receive a copy of Bayview's amended petition; (3) "Marcus Williams was given a trial date from the Court of April 9, 2012 and received notice to come to Court on April 4, 2012"; (4) Williams appeared at the date and time set by the county court at law for trial on April 9, 2012, and was informed that the court had rendered a default judgment on April 4, 2012; (5) Williams's "failure to appear for hearing on Motion for Default Judgment on April

---

[5] Even if we could consider the April 9, 2012 motion, in that motion, Williams did not seek to have the default judgment set aside based upon an alleged failure to receive any notice of the hearing on Bayview's amended motion for default judgment. Though Williams does state in the motion that he "did not receive ample notification in regards to a Default Judgment in order to defend himself," this statement, at most, is an assertion that William received insufficient notice of the hearing on Bayview's amended motion for default judgment. But, such a complaint is not the same as Williams's appellate complaint that he allegedly did not receive any notice of this hearing. *See Gammill*, 297 S.W.3d at 801–02 & n.13.

4, 2012 before judgment was entered, was not intentional or the result of conscious indifference but due to a mistake or accident"; and (6) Williams "mistakenly believed, acting pro se, that the court dates [were] given by [the] Court." Williams arguably asserts in this motion that the hearing on the default judgment occurred on April 4, 2012, and that he received notice of the hearing.[6] In any event, even if we construe the motion not to include such assertions, nowhere in the second document does Williams voice a complaint regarding an alleged failure to receive notice of the hearing on Bayview's amended motion for default judgment. As to this argument, we conclude that Williams failed to preserve error in the county court at law.[7] *See Gammill*, 297 S.W.3d at 801–02 (holding appellant was required to preserve error in trial court regarding complaint of alleged failure to receive notice of the hearing and that appellant failed to preserve error); *Babajide*, 2004 WL 2933575, at *1 (holding appellant waived complaint that trial court gave her no notice of hearing by not raising the objection in the trial court).

Presuming for the sake of argument that Williams sufficiently preserved error on a request that the default judgment be set aside and a new trial granted under the three factors set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939), Williams did not assert in the motion that he satisfied the *Craddock* test based upon any alleged failure to receive notice of the hearing regarding Bayview's amended motion for default judgment. Instead, in the motion, Williams asserted that he failed to appear at this hearing because of a

---

[6] The record reflects that a hearing on Bayview's amended motion for default judgment was set for April 3, 2012. The record does not reflect whether a hearing was held on that date or whether a hearing was held the next day, on which the county court at law signed the original default judgment.

[7] Williams relies upon *Mathis v. Lockwood*. *See* 166 S.W.2d 743 (Tex. 2005) (per curiam). That case is not on point because the appellant in that case preserved error in the trial court by filing a sworn motion for new trial in which she asserted that she failed to appear at trial because she never received notice of the trial setting. *See id*. at 744.

10

mistaken belief he had as a pro se litigant that "the court dates [were] given by [the] Court." This statement seems to indicate that Williams mistakenly believed that hearing dates or trial dates were set by the county court at law; regardless, Williams did not assert in any part of the second document that he did not receive notice of the hearing on Bayview's amended motion for default judgment. On appeal, under his second issue, the only basis on which Williams argues he satisfies all three prongs of the *Craddock* test is that he did not receive actual or constructive notice of this hearing. Williams failed to voice this complaint in the county court at law and thus failed to preserve error. *See Gammill*, 297 S.W.3d at 801–02; *Babajide*, 2004 WL 2933575, at *1.

Having determined that Williams failed to preserve error on the arguments he asserts under the second issue, we overrule this issue.

### III. CONCLUSION

In its pleading, Bayview alleged a landlord-tenant relationship between Bayview and Williams. Williams's failure to file a written answer as required by Texas Rule of Civil Procedure 753 allowed the county court at law to take this allegation as admitted and to render a no-answer default judgment against him. Because of Williams's admission in this regard, we reject his arguments that the lower courts lacked subject-matter jurisdiction based on the absence of a landlord-tenant relationship. In addition, Williams is precluded from challenging the legal and factual sufficiency of the evidence supporting a finding that a landlord-tenant relationship existed between Bayview and Williams. Finally, Williams failed to preserve error in the county court at law on his remaining complaints and thus is not entitled to appellate review of those issues in this court.

The county court at law's judgment is affirmed.


/s/     Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Busby, and Brown.[8]

---

[8] Originally, this case was submitted before a panel consisting of Justices Frost, Jeffrey Brown, and Busby. Following the appointment of Justice Jeffrey Brown to the Supreme Court of Texas and the appointment of Justice Frost as Chief Justice of the Fourteenth Court of Appeals, this case was resubmitted to the current panel of Chief Justice Frost, Justice Busby, and Justice Marc Brown.