**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 30, 2016.**

In The

# Fourteenth Court of Appeals

### NOS. 14-16-00525-CR, 14-16-00526-CR, and 14-16-00527-CR

### IN RE MICHAEL DAVIS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**228th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 331288, 331289, and 331549**

## MEMORANDUM OPINION

On July 5, 2016, relator Michael Davis filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Marc Carter, presiding judge of the 228th District Court of Harris County, to rule on relator's Motion to Compel, in which he requests the trial court to order the Harris County District Clerk to comply with the court's order signed on January 12, 2016, granting relator's motion for a free copy of the clerk's file.

A trial court is required to consider and rule upon a motion within a reasonable time. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992) (orig. proceeding); *In re Querishi*, 14-15-00232-CV, 2015 WL 1456150, at *1 (Tex. App.—Houston [14th Dist.] Mar. 26, 2015, orig. proceeding). "When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial judge to act." *Barnes*, 832 S.W.2d at 426; *see also Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (trial court abused its discretion by refusing to conduct hearing and render decision on motion).

However, relator must show that the motion was filed and that he presented it to the trial court for a ruling. *See In re Clewis,* 14-10-00086-CV, 2010 WL 547087, at *1 n.3 (Tex. App.—Houston [14th Dist.] Feb. 18, 2010, orig. proceeding). And, as the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.7(a)(1).

Attached to relator's petition as exhibits are (1) a copy of the trial court's order granting relator a free copy of the Clerk's File, (2) a copy of a letter dated February 2, 2016, to the District Clerk stating that relator received a partial record, but that certain documents are missing, (3) a copy of Defendant's Motion to Compel dated April 8, 2016, and (4) a copy of a letter dated May 8, 2016, from relator to the trial court, requesting the trial court to hold a hearing on the Motion to Compel. However, none of the exhibits are certified or sworn to, as required by Rule of Appellate Procedure 52.7(a)(1). *See* Tex. R. App. P. 52.7(a)(1).

Further, Rule of Appellate Procedure 52.3(j) provides that "[t]he person filing the petition must certify that he or she has reviewed the petition and concluded that every factual

2

statement in the petition is supported by competent evidence included in the appendix or record." *See* Tex. R. App. P. 52.3(j). Relator's petition does not contain that certification.

Finally, Rule of Appellate Procedure 9.5 requires that documents filed with court be served on all parties and that the certificate of service contain the date, manner of service, name and address of each person served and, if the  person served is the party's attorney, the name of the party represented by that attorney. *See* Tex. R. App. P. 9.5. Relator's certificate of service does not meet these requirements.

That relator may be an inmate acting pro se does not relieve him from the duty to comply with the rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978). "Pro se litigants must comply with the applicable procedural rules, and we hold them to the same standards that apply to licensed attorneys." *Williams v. Bayview-Realty Associates*, 420 S.W.3d 358, 362 n.2 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists Chief Justice Frost and Justices McCally and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).