**Affirmed and Memorandum Opinion filed July 3, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00405-CV

**PETER OBASOGIE, Appellant**

**V.**

**AMTEX AUTO INSURANCE COMPANY, Appellee**

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-18506**

## M E M O R A N D U M   O P I N I O N

On August 1, 2017, appellant filed a brief in his appeal from the trial court's judgment entered on May 19, 2017. On August 10, 2017, this court issued an order stating that appellant's brief did not substantially comply with Rule 38 of the Texas Rules of Appellate Procedure. The court ordered appellant to file an amended brief that complied with the rule. On September 11, 2017, appellant filed an amended brief that also fails to substantially comply with Rule 38. Most significantly,

appellant's brief contains no citations to the record and no authority. *See* Tex. R. App. P. 38.1(i).

It is the appellant's burden to properly raise and discuss the issues presented for review. *See* Tex. R. App. P. 38.1(f); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.). However, we are instructed to reach the merits of an appeal whenever reasonably possible. *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). Accordingly, we will consider appellant's claim that the trial court erred in dismissing his case without informing appellant of the date and time for the hearing.

Appellant failed to preserve error on this point. *Hendricks v. Barker*, 523 S.W.3d 152, 156–57 (Tex. App.—Houston [14th Dist.] 2016, no pet.). A motion for new trial is a prerequisite to a complaint on appeal on which evidence must be heard *See* Tex. R. Civ. P. 324(b). A complaint that an order dismissing a case should be set aside because the claimant was not given notice of the hearing is a complaint on which evidence must be heard. *Hendricks*, 523 S.W.3d at 157. Appellant's brief asserts a fact, that he was not given notice of the date and time of the hearing, that calls for an evidentiary hearing. *Id.* The fact issue of whether or not appellant was given notice of the date and time of the hearing must be resolved by the trial court before we can address it. *Id.* Because appellant did not present this issue to the trial court, it is not preserved for our review. *Id.*; *see also Williams v. Bayview–Realty Assocs.,* 420 S.W.3d 358, 364, 366 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (holding party failed to preserve error by not raising complaint based on a lack of notice in the trial court and obtaining an adverse ruling); *Felt v. Comerica Bank,* 401 S.W.3d 802, 806 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (noting court begins with a presumption that a defendant had notice of the trial court setting,

2

and that defendant must overcome this presumption by affirmatively showing a lack of notice via competent evidence). Appellant's first issue is overruled.

In a second issue, appellant complains that the trial court erred in failing to consider "documentary evidence" filed in response to appellee's Rule 91a motion. The clerk's record indicates that appellant filed a response and attached documents that he contends demonstrate the factual grounds for his claim. However, in deciding a Rule 91a motion, the trial court "may not consider evidence" and "must decide the motion based solely on the pleading of the cause of action." Tex. R. Civ. P. 91a.6. Thus, appellant's second issue presents no error.

The judgment of the trial court is affirmed.


/s/     John Donovan
        Justice


Panel consists of Justices Christopher, Donovan and Jewell.