**Affirmed and Memorandum Opinion filed August 13, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00389-CV

**DAGOBERTO FLORES, Appellant**

**V.**

**RUBEN MARTINEZ AND JUAN PABLO GONZALEZ D/B/A JP CLEANUP SERVICE, Appellees**

**On Appeal from the 458th District Court
Fort Bend County, Texas
Trial Court Cause No. 18-DCV-251618**

## MEMORANDUM OPINION

In three issues on appeal, appellant Dagoberto Flores argues the trial court erred by (1) rendering summary judgment in favor of appellee Juan Pablo Gonzalez d/b/a JP Cleanup Service ("Gonzalez"), (2) granting Gonzalez's motion to quash, and (3) dismissing Flores's claims against Ruben Martinez. We affirm.

### I.    BACKGROUND

On May 23, 2016, Martinez and Flores were involved in a car accident. Two

years later, on May 23, 2018—the last day before the expiration of the statute of limitations—Flores filed suit against Gonzalez and Martinez, alleging that Martinez, while acting in the course and scope of his employment for Gonzalez, negligently collided with Flores's vehicle. Flores's original petition was signed by Dominique Bartholet, who was designated as Flores's "attorney-in-charge." *See* Tex. R. Civ. P. 8. Bartholet then requested that the trial court issue citation for Gonzalez and Martinez.

Fourteen months later, on July 15, 2019, Flores filed an Affidavit of Service, which claimed that Gonzalez was served on July 2, 2018. Approximately three years later, on August 12, 2022, Gonzalez filed a motion to quash, asserting that the process server did not actually serve Gonzalez, but instead left a copy of Flores's lawsuit with Gonzalez's next-door neighbor. Gonzalez served a copy of the motion to quash on Bartholet.

On December 8, 2022, Flores responded to the motion to quash by filing a motion for default judgment, asserting that he had properly served Gonzalez on July 2, 2018. Gonzalez's motion to quash was set for hearing, and notice of the hearing was served electronically to Bartholet, who was still listed as Flores's attorney-in-charge. Flores did not file a written response to the motion to quash service and did not appear at the hearing on the motion. The trial court granted the motion, signed an order that quashed the return of service, and pursuant to Texas Rule of Civil Procedure 122, set the effective date of service as February 15, 2023.[1]

---

[1] "If the citation or service thereof is quashed on motion of the defendant, such defendant shall be deemed to have entered his appearance at ten o'clock a. m. on the Monday next after the expiration of twenty (20) days after the day on which the citation or service is quashed, and such defendant shall be deemed to have been duly served so as to require him to appear and answer at that time, and if he fails to do so, judgment by default may be rendered against him." Tex. R. Civ. P. 122.

Gonzalez filed his original answer and motion for summary judgment on March 30, 2023, asserting Flores's negligence claims were subject to a two-year statute of limitations, the district court's February 15, 2023 rule-122 order established that Gonzalez was served after the limitations period had expired, and Flores could not meet his burden to demonstrate due diligence in service.

On April 17, 2023, Flores filed "Plaintiff's Notice of Designation of Lead Counsel," which, designated Joseph Malouf as "lead counsel and attorney-in-charge for Plaintiff." The filing also purported to remove Bartholet as attorney of record.[2] Flores filed a response to Gonzalez's motion for summary judgment, but did not challenge the trial court's rule-122 order; instead, Flores asserted there was a genuine issue of material fact regarding due diligence because, according to the affidavits of Malouf's legal assistant, the president of Flores's process serving company, and Flores's process server, service was effectuated on July 2, 2018, only 40 days after limitations expired.

Following an in-person hearing on the summary-judgment motion, the trial court signed a May 3, 2023 order granting Gonzalez's motion for summary judgment. The order specifically dismissed Flores's claims against Gonzalez with prejudice, but the order also stated "that all relief not expressly granted herein is denied. This is a final and appealable judgment, as it disposes of all claims of all parties." Throughout the life of this suit, Martinez was never served, and Martinez never filed an answer, so the May 3, 2023 final judgment dismissed Martinez.

Flores filed a timely appeal.

---

[2] No motion to withdraw was filed by Bartholet. *See* Tex. R. Civ. P. 10 ("An attorney may withdraw from representing a party only upon written motion for good cause shown.").

## II.    ANALYSIS

### A.    Motion to quash

In his second issue, which we address first, Flores argues that the trial court erred in granting Gonzalez's motion to quash. For the first time, Flores argues on appeal that he did not receive notice of the hearing on the motion to quash because Gonzalez did not properly serve him. However, Flores never made this argument to the trial court. Thus, Flores's argument that he had no notice of the hearing on the motion to quash service has not been preserved for appellate review. Tex. R. App. P. 33.1; *see Williams v. Bayview-Realty Assocs.*, 420 S.W.3d 358, 364 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (concluding that lack of notice of hearing on default judgment can be waived); *Valdez v. Valdez*, 930 S.W.2d 725, 728 (Tex. App.—Houston [1st Dist.] 1996, no writ) (noting that predecessor to rule 33.1 applied to constitutional challenges, including lack-of-notice objections).

We overrule Flores's second issue.

### B.    Motion for summary judgment on statute of limitation

In his first issue, Flores argues that the trial court erred in granting Gonzalez's motion for summary judgment. More specifically, he argues that he raised a genuine issue of material fact regarding his due diligence in serving Gonzalez in a timely fashion.

#### 1.    Standard of review and application

Gonzalez does not dispute that his personal-injury suit had a two-year statute of limitation. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003. Because Gonzalez filed his suit on the last day of the applicable two-year period, he needed to also show that he used diligence to have Gonzalez served:

4

To "bring suit" within the two-year limitations period prescribed by section 16.003, a plaintiff must not only file suit within the applicable limitations period, but must also use diligence to have the defendant served with process. When a plaintiff files a petition within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service. To obtain summary judgment on the grounds that an action was not served within the applicable limitations period, the movant must show that, as a matter of law, diligence was not used to effectuate service.

*Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (internal citations omitted).

When the defendant affirmatively pleads the affirmative defense of limitations and demonstrates that service occurred after limitations expired, the plaintiff bears the burden to prove that the plaintiff exercised diligence in serving the defendant. *See Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009). Diligence is a fact question that is determined by asking "whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007). "Thus, it is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Id.*

In reviewing a trial court's summary judgment based on limitations, we apply a de novo standard of review. *See Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010).

## 2.  Application

### a.  Summary judgment regarding Gonzalez

Flores first complains that Gonzalez did not attach any evidence or affidavits to his motion for summary judgment; instead, Gonzalez simply relied on the trial court's prior rule-122 order. But the trial court was entitled to take judicial notice of its file, including its prior orders. *See Gardner v. Martin*, 345 S.W.2d 274, 276 (Tex. 1961) ("It is well recognized that a trial court may take judicial notice of its own records in a cause involving the same subject matter between the same, or practically the same, parties."). Thus, as established by the trial court's prior rule-122 order, which Flores did not challenge below, Gonzalez was not deemed as served until February 2023.

To avoid summary judgment, it was Flores's burden to present evidence raising a genuine issue of material fact explaining every delay in service. *See Proulx*, 235 S.W.3d at 216. In his affidavits and statements, Flores detailed the efforts undertaken to serve Gonzalez between May 23, 2018—the date suit was filed on the last day of limitations—through July 2, 2018—40 days after limitations expired. However, even viewing the evidence in the light most favorable to Flores, this evidence only attempts to raise a fact question regarding diligence for those first 40 days; Flores raised no issue of fact to explain the delay in service between July 2018 and February 2023.

In other words, even though Flores claims Gonzalez was served on July 2, 2018, Flores took no further action in the suit until Gonzalez filed a motion to quash in 2022, more than 3 years after filing his return of service and more than 4 years after the expiration of the statute of limitation and the alleged date of service. Courts have found delays of much shorter periods to be sufficient, as a matter of law, to establish lack of diligence. *See Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex.

1990) (gathering cases in which unexplained lapses in service established failure to use diligence as matter of law, with some lapses as short as approximately 4 months).

Flores claims that he had no reason to doubt that Gonzalez was served, but "[i]t is the responsibility of the one requesting service, not the process server, to see that service is properly accomplished." *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994). It is also worth noting that despite being informed that service had been accomplished in July 2018, Flores never filed a motion for default judgment or otherwise sought to actively move the case forward until Gonzalez filed his motion to quash in 2022. We conclude the evidence established as a matter of law that Flores did not act with diligence. *See Gant*, 786 S.W.2d at 260. Accordingly, the trial court did not err in granting Gonzalez's motion for summary judgment on limitations.

We overrule Flores's first issue.

### b. Summary judgment regarding Martinez

In his third issue, Flores argues the trial court erred in rendering summary judgment for Martinez because Martinez never moved for summary judgment. However, the trial court's order contains unequivocal "finality" language, asserting it dismisses all claims of all parties. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93, 200 (Tex. 2001). Furthermore, Flores admits that Martinez had not been served and did not file an answer, and the record does not indicate that Martinez was ever going to be served. *See Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962) (concluding that judgment was final when it expressly dismissed claims against some defendants, the only remaining defendant was unserved, and "there [was] nothing to indicate that petitioner ever expected to obtain service upon him"). Flores never took any affirmative steps to accomplish

7

service on Martinez at any point. Accordingly, trial court did not err in dismissing Flores's claims against Martinez.

We overrule Flores's third issue.

### III.  CONCLUSION

We affirm the judgment of the trial court as challenged on appeal.


/s/    Charles A. Spain
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.