**Opinion issued July 17, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00050-CV
_____

**LEO D. ROBINSON, Appellant**

**V.**

**ISAAC JONES, Appellee**

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1197539**

---

## MEMORANDUM OPINION

This in an appeal from a default judgment in a breach-of-contract action. The plaintiff in the justice court below appealed a take-nothing judgment to the county court. He then failed to appear at the de novo trial. The county court rendered a default judgment against him on the defendant's counterclaim.

The plaintiff now appeals that default judgment—complaining that the pleadings and evidence in support are insufficient. Because the pleadings are sufficient and he did not file the reporter's record of the de novo trial, we affirm the county court's judgment.

**Background**

Isaac Jones hired Leo D. Robinson to remodel a house for $41,000. During the project, a dispute arose. According to Robinson, Jones paid only half of the agreed amount and then just stopped paying. Jones maintains that Robinson's work was substandard and that he failed to complete the job. Jones hired another contractor to finish the project.

Robinson sued Jones in justice court for breach of contract, seeking $14,000 in damages. Jones answered and counterclaimed for breach of contract. He sought $13,680 in damages—the difference between what he paid Robinson and the value of the work performed—along with attorney's fees. The justice court rendered a take-nothing judgment against both parties.

Robinson appealed to the county court for a trial de novo. Before trial, Robinson filed photographs and copies of receipts. Jones filed a letter from Robinson memorializing their agreement; copies of quotes, invoices, and receipts; photographs; contractors' affidavits regarding the alleged deficiencies in Robinson's work; and an affidavit and billing in support of Jones's request for attorney's fees.

2

After Robinson failed to appear at trial, the county court rendered a default judgment against him on Jones's counterclaim. The county court awarded Jones $13,680 in damages and $13,230 in attorney's fees—a total of $26,910[1]—against Robinson.

## Pleadings

In his first issue, Robinson argues that Jones "failed to give fair notice" of his counterclaim because he "never filed an answer, counter-claim or appeal as it relates to the matter before the county court." The record does not support his argument.

A trial court may not grant relief in the absence of pleadings to support the requested relief. *Stoner v. Thompson*, 578 S.W.2d 679, 682–83 (Tex. 1979). A pleading setting forth a claim for relief must contain, among other things, a demand for judgment for all relief sought. *See* TEX. R. CIV. P. 47. Texas follows a "fair notice" pleading standard, which considers whether it can be ascertained from the pleading the controversy's nature, the basic issues, and what testimony will be relevant. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). When no special exceptions are filed, like here, we construe the pleadings liberally in favor of the pleader. *Id.* at 897; *see also* TEX. R. CIV. P. 90.

---

[1] The county court's Second Amended Default Judgment stated a total award of $2**9**,910. The county court later corrected the sum of the award to $26,910 in a judgment nunc pro tunc.

When an appeal has been perfected from the justice court to the county court, the justice court "must immediately send to the clerk of the county court a certified copy of all docket entries, a certified copy of the bill of costs, and *the original papers in the case*." TEX. R. CIV. P. 506.2 (emphasis added). Thus, "the petition from the justice court is effectively carried forward to the county court at law on appeal for the trial de novo." *Williams v. Bayview-Realty Assocs.*, 420 S.W.3d 358, 362 (Tex. App.—Houston [14th Dist.] 2014, no pet.). "[T]he written pleadings of record in the justice court will generally constitute an appearance by the respective parties of record in the county court." *Withrow v. Schou*, 13 S.W.3d 37, 40 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). "Additional pleadings are not necessary for a trial de novo in the county court where the pleadings in the justice court are in writing." *Id.* at 39.

Here, Jones filed a combined answer and counterclaim in the justice court. In his pleading, Jones presented factual allegations and stated that he:

> seeks and is entitled to recovery of the sum of $13,680 owed for breach of contract by [Robinson] for the difference between the work [Robinson] was paid for and the work actually performed ($20,500 of work paid for minus $8,500 of estimated work performed = $12,000) and the additional interest expense incurred by [Jones] in his construction loan as a result of [Robinson's] lengthy project delays ($1,680).

Jones also requested attorney's fees.

4

After Robinson appealed to the county court, the justice court sent the papers in this case—including Jones's answer and counterclaim—to the county court.[2] *See* TEX. R. CIV. P. 506.2. This carried Jones's counterclaim forward into the county court's record for the trial de novo. *See Williams*, 420 S.W.3d at 362. As a result, the record simply does not support Robinson's claim that Jones "had no pleadings on file for purposes of the appeal" in the county court.[3]

We overrule Robinson's first issue.

## Sufficiency of the Evidence

Next, Robinson argues that the evidence is legally and factually insufficient to support the amount of damages and attorney's fees awarded. He argues that the damages were unliquidated and that Jones failed to "present competent evidence" of the amount of his "lost profits."

Jones responds that this issue should be overruled because Robinson failed to file the reporter's record of the de novo trial.

---

[2] In his "Pre-Trial Filings" supplement in the county court, Jones also restated his answer and counterclaim.

[3] Robinson did not file special exceptions in the courts below and does not challenge the substance of Jones's pleading in this appeal. *See* TEX. R. CIV. P. 90; *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000).

A post-answer default[4] "constitutes neither an abandonment of the defendant's answer nor an implied confession of any issues thus joined by the defendant's answer." *Paradigm Oil, Inc. v. Retamco Operating, Inc*., 372 S.W.3d 177, 183 (Tex. 2012) (quoting *Stoner*, 578 S.W.2d at 682). "Because the merits of the plaintiff's claim remain at issue, judgment cannot be rendered on the pleadings, and the plaintiff must prove its claim." *Id.*

We review the sufficiency of the evidence supporting a post-answer default judgment under the same standards that govern the sufficiency of the evidence at a contested trial. *Reagins v. Walker*, 524 S.W.3d 757, 762 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (reviewing legal and factual sufficiency in post-answer-default context); *see also Norman Commc'ns v. Tex. Eastman Co*., 955 S.W.2d 269, 270 (Tex. 1997).

When a party challenges the legal sufficiency of the evidence supporting an adverse finding on an issue on which he did not have the burden of proof, he must show that no evidence supports the finding. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 215 (Tex. 2011); *see City of Keller v. Wilson*, 168 S.W.3d 802, 809–10, 827 (Tex. 2005). In reviewing the factual sufficiency of the evidence

---

[4]   Although Robinson did not answer the counterclaim until after trial in the county court, he had already appeared in the lawsuit (as plaintiff) and is therefore deemed to have pleaded a general denial. *See* TEX. R. CIV. P. 92; *Kaswatuka v. Stoneridge Homeowners' Ass'n*, No. 02-24-00051-CV, 2024 WL 3714995, at *2 (Tex. App.— Fort Worth Aug. 8, 2024, pet. denied) (mem. op.).

6

supporting the adverse finding, we "consider and weigh all of the evidence" and set aside the judgment only if the evidence supporting the finding is so weak as to make the judgment clearly wrong and manifestly unjust. *Tamuno Ifiesimama v. Haile*, 522 S.W.3d 675, 683–84 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). Thus, our review requires us to consider all the evidence.

When a party raises an issue on appeal that relies on the evidence presented to the trial court—but there is no reporter's record filed in the appeal—we must presume that the trial court heard sufficient evidence to make all necessary findings in support of its judgment. *See Bennett v. Cochran*, 96 S.W.3d 227, 229–30 (Tex. 2002); *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("[An appellant] cannot prevail in any evidentiary challenge without first meeting his burden of presenting a sufficient record on appeal.").

Here, the county's court's judgment states that Jones appeared at trial and "presented all exhibits of evidence." Robinson argues that the evidence is insufficient to support the damages and attorney's fees awarded against him, but he did not file a reporter's record in this appeal. The court reporter has certified to this Court that a record was made of the county court's bench trial but that Robinson did not request that it be prepared and filed in the appeal.

Because Robinson did not file the reporter's record of the trial, we do not know what evidence was admitted and must presume that the county court heard

7

sufficient evidence to make all necessary findings in support of its judgment. *See Bennett*, 96 S.W.3d at 229–30; *Nicholson*, 226 S.W.3d at 583.[5]  We therefore must conclude that the evidence is legally and factually sufficient to support the county court's default judgment.[6]

With respect to the amount of the judgment, we note that a county court generally may not issue an award that exceeds the jurisdictional limits of the justice court from which the appeal is taken. *See Crumpton v. Stevens*, 936 S.W.2d 473, 476 (Tex. App.—Fort Worth 1996, no writ).  A justice court's jurisdiction is limited to cases in which the amount in controversy is not more than $20,000, exclusive of interest. TEX. GOV'T CODE § 27.031(a)(1).

However, this "general rule does not apply to additional sums that are sustained as a result of the passage of time, such as attorney's fees." *Carnegie Homes & Constr. LLC v. Turk*, No. 14-16-00260-CV, 2017 WL 3927290, at *4 (Tex. App.—Houston [14th Dist.] Sept. 7, 2017, no pet.) (mem. op.) (internal quotations

---

[5]      *See, e.g.*, *Onwubuche v. Olowolayemo*, No. 01-10-00945-CV, 2012 WL 1067950, at *3 (Tex. App.—Houston [1st Dist.] Mar. 29, 2012, no pet.) (mem. op.) (noting appellant failed to file reporter's record of de novo trial, presuming evidence sufficient, and upholding county court's post-answer default judgment); *Brazle v. Meadows on the Mews Owners Ass'n*, No. 14-10-01016-CV, 2011 WL 6141587, at *1–2 (Tex. App.—Houston [14th Dist.] Dec. 8, 2011, no pet.) (mem. op.) ("Because we have no record of what th[e] evidence consisted of, we have no basis to review the trial court's decisions based on that evidence.").

[6]      *See, e.g.*, *Henderson v. Altura Realty LLC*, No. 05-21-00860-CV, 2023 WL 3860428, at *5 (Tex. App.—Dallas June 7, 2023, no pet.) (mem. op.).

omitted); *see Lost Creek Ventures, LLC v. Pilgrim*, No. 01-15-00375-CV, 2016 WL 3569756, at *8 (Tex. App.—Houston [1st Dist.] June 30, 2016, no pet.) (mem. op.) ("[T]he county court may award attorney's fees in excess of the jurisdictional limits of the small claims court on appeal, because fees increase as litigation continues over time."). In other words, "[i]f a [pleading] is properly brought in a particular court, but an amendment increases the amount in controversy above the court's jurisdictional limits, the court will continue to have jurisdiction if the additional damages accrued because of the passage of time." *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex. 1996).

Here, Jones alleged in his January 2023 counterclaim in the justice court that he had incurred $13,680 in damages and "ha[d] incurred or expected to incur $3,500–$4,000 in attorney's fees"—a total within the $20,000 jurisdictional limit of the justice court. *See* TEX. GOV'T CODE § 27.031(a)(1).

Over a year later, in March 2024, the county court awarded Jones a total of $26,910—which is $6,910 beyond the jurisdiction of the underlying justice court. *See id.* The judgment awards Jones $13,680 in damages—the amount he originally requested. The award of attorney's fees increased to $13,230.

Because the additional $6,910 can be attributed to the increase in attorney's fees over the year-long course of litigation in this case, we hold that the county court's award is within its appellate jurisdiction. *See Crumpton*, 936 S.W.2d at 477

9

(attorney's fees claim that exceeded jurisdictional limit of justice court was due to increased attorney's fees incurred in prosecuting suit and did not divest county court of jurisdiction).

We overrule Robinson's second issue.

## Conclusion

Based on the record before us, we affirm the county court's judgment in all things.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.